**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Armando LINARES–HERNANDEZ,**
**Defendant–Appellant.**

No. 07–40995
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

June 27, 2008.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before SMITH, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM: *

Armando Linares–Hernandez appeals his sentence for unlawful presence in the United States following removal. He asserts that the district court erred by imposing a 16–level enhancement based on his conviction of burglary of a habitation under § 30.02(a)(1) of the Texas Penal Code. Although he recognizes our precedent that this offense is a crime of violence for purposes of U.S.S.G. § 2L1.2, he argues that *James v. United States*, 550 U.S. 192, 127 S.Ct. 1586, 1599–1600, 167 L.Ed.2d 532 (2007), overrules it.

His argument is unpersuasive. In *United States v. Gomez–Guerra*, 485 F.3d 301, 303 n. 1 (5th Cir.), *cert. denied,* — U.S. ——, 128 S.Ct. 156, 169 L.Ed.2d 106 (2007), we noted that *James* pertains only to a residual provision of 18 U.S.C. § 924(e)(2)(B)(i) that is absent from § 2L1.2. Consequently, *James* is not dispositive. Because we have held that an offense under § 30.02(a)(1) constitutes a crime of violence for purposes of § 2L1.2, the district court did not err in applying the enhancement. *See Gomez–Guerra,* 485 F.3d at 304 & n. 3; *United States v. Garcia–Mendez,* 420 F.3d 454, 456–57 (5th Cir.2005).

The judgment is AFFIRMED.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.